# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CARLO M. CROCE<br><br>     Plaintiff,<br><br>vs.<br><br>SOTHEBY'S FINANCIAL SERVICES, INC., et al.<br><br>     Defendants. | Case No. 2:23-cv-02896<br><br>Judge Morrison<br><br>Magistrate Judge Vascura |

## PLAINTIFF CROCE'S MOTION FOR LEAVE TO FILE THE FIRST AMENDED COMPLAINT

Now comes the Plaintiff Carlo Croce, M.D., by and through their counsel, and move this Court for leave to the First Amended Complaint pursuant to Fed. R. Civ. P. 15(a) in order to (1) to clarify and add certain facts in support of his claims, (2) remove Sotheby's Financial Services California, Inc. as a defendant (3) remove the NY Gen Bus. § 239 cause of action, and (4) add additional claims.  A copy of the proposed First Amended Complaint is attached thereto as Exhibit A.

Respectfully Submitted,

/s/ William W. Patmon III
William W. Patmon III (0062204)
The Patmon Law Firm LLC
4200 Regent Street Suite 200
Columbus, Ohio 43219
Phone: (614) 944-5786
Fax: (614) 448-4393
wpatmon@patmonlaw.com
*Attorney for Plaintiff Carlo Croce*

**MEMORANDUM IN SUPPORT**

**I.     STATEMENT FACTS**

Plaintiff seeks leave to file an amendment to the Complaint that his undersigned counsel was not able to file as a matter of right within 21 days of the filing of the Defendants' Motion To Dismiss.   Prior to the expiration of the 21 day period, Plaintiff's counsel sought an extension of time permitting Plaintiff to file a Memorandum Contra to the Defendants' Motion to Dismiss.  Defendants' graciously agreed to the extension of time due to the undersigned counsel's illness during the time period to respond to the dismissal motion.   The Court granted the extension of time until February 13, 2024.  (ECF No.# 15).   The Proposed First Amended Complaint is attached as Exhibit A.

**II.     FED. CIV. R. P. 15 (A) FAVORS ALLOWING PLAINTIFF TO AMEND THE COMPLAINT**

This is the first request by Plaintiff to amend the Complaint.  Generally, Rule 15 favors allowing a plaintiff to amend the complaint at least once.  *See* Fed. R. Civ. P. 15 (a).  Rule 15 favors allowing a Plaintiff to amend the Complaint to correct and clarify factual allegations and remove claims and a party from the Complaint.   It also favors Rule 15 (a) amendment as of right early in the litigation, where a motion to dismiss is filed, and the amendment sought is filed in response to the dismissal motion a short time after it was filed.  *See, generally, Plush v. ServTech*, 2022 U.S. Dist. LEXIS 159479 (D. Maryland, Sept. 2, 2022) ("where a plaintiff requests, and the Court grants, an extension of time to respond to a Rule 12(b) motion, the plaintiff's time to amend the complaint is correspondingly extended; *Compare Mans v. PHH Mortg. Servs*., 2023 U.S. Dist. LEXIS 54663, footnote 1 (S.D. Ohio March 29, 2023) (Mag. Judge Preston Deavers) (acknowledging split of authority on extension of the 21 day time period by motion).

Rule 15(a)(2) "embodies a 'liberal amendment policy,'" requiring courts to "freely give leave when justice so requires." *Brown v. Chapman*, 814 F.3d 436, 442-43 (6th Cir. 2016). Rule 15(a) has been applied liberally by the Courts in this District and Circuit to permit leave to amend a Complaint, even after a responsive pleading has been filed.  See *Marks v. Shell Oil Co.*, 830 F.2d 68 (1987); *L.V. v. City of Maryville*, No. 3:16-CV-508, 2017 U.S. Dist. LEXIS 158314, at FN1 (E.D. Tenn. Sept. 27, 2017).  Furthermore, good cause exists for the amendment under Rule 16(b), as Plaintiff has exhibited diligence in moving for leave to amend shortly after the dismissal motion was filed.  "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation marks and citations omitted). Another relevant consideration is "possible prejudice" to the nonmoving party. *Id.* at 625.  There is no prejudice as to Defendants herein because this matter is still in its earliest stage, the amendment will clarify and supplement facts and will remove claims and a party from the litigation.

### III. THE AMENDEMENT IS NECESSARY AND WILL NOT CAUSE UNDUE PREJUDICE TO DEFENDANTS

Plaintiff Croce is submitting the attached proposed First Amended Complaint to clarify and add facts relevant to certain arguments presented in the Defendants Motion to Dismiss.  The First Amended Complaint addresses (1) Defendants' assertion that 2019 Valuation Agreement releases Defendants from the claims in this action, (2) Plaintiff's product disparagement claim fails for lack of allegations concerning malice and special damages, (3) that certain claims are barred by applicable New York and Ohio statutes of limitation based on the 2019 Valuation, (4) clarify and supplement facts showing a special relationship between Plaintiff and Sotheby's, (5) add facts and allegations in support of Plaintiff's promissory estoppel claim, and (6) plead with more particularity facts in support of Plaintiff's fraud claim.

Plaintiff is also removing a claim, NY Gen Bus. § 239 cause of action, and removing a party Sotheby's Financial Services California, Inc.

Finally, the Plaintiff is adding claims for false advertising claim under the Lanham Act, 15 U.S.C. § 1125, relating to the misrepresentations made by Defendants to Plaintiff Croce and the public and for Misappropriation of Art Collection claim.

### IV. NO PREJUDICE RESULTS FROM THE AMENDMENT BECAUSE THE PARTIES ARE STILL IN THE EARLIEST STAGE OF THE CASE

This action is still in its earliest stage.  No discovery has been served.  No prejudice will be suffered by Defendants as a result of the amendments.

### V. THE AMENDMENTS ARE THE RESULT OF PLAINTIFF'S DILIGENCE, NOT MADE IN BAD FAITH AND WILL NOT CAUSE ANY UNDUE DELAY

Plaintiff is seeking to amend the Complaint as to clarify facts at an early stage of the case. Plaintiff's amendments are not the purpose of delay or in bad faith.   The amendments are presented to focus the Court and parties on the 2022 Valuation and 2023 Valuations and, in addition, that the majority of the claims that are based on the paintings—not drawings.

Respectfully Submitted,

/s/ William W. Patmon III
William W. Patmon III (0062204)
The Patmon Law Firm LLC
4200 Regent Street Suite 200
Columbus, Ohio 43219
Phone: (614) 944-5786
Fax: (614) 448-4393
wpatmon@patmonlaw.com
*Attorney for Plaintiff Carlo Croce*

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing has been electronically filed this 9th day of February, 2024. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system.

                                           /s/ William W. Patmon III
                                           Counsel for Plaintiff Carlo M. Croce