# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CARLO M. CROCE<br><br>  Plaintiff,<br><br>vs.<br><br>SOTHEBY'S FINANCIAL SERVICES, INC., *et al.*<br><br>  Defendants. | Case No. 2:23-cv-02896<br><br>Judge Morrison<br><br>**DEFENDANTS' MOTION TO STAY, OR IN THE ALTERNATIVE, FOR AN ORDER NARROWING DISCOVERY** |

Now come Defendants Sotheby's Inc. ("Sotheby's") and Sotheby's Financial Services Inc. ("SFS") (collectively, "Defendants"), by and through the undersigned counsel, and respectfully submit this Motion to Stay Discovery, or in the alternative to substantially narrow Discovery, pending the Court's disposition of Defendants' Motion to Dismiss (ECF No. 24) the First Amended Complaint (ECF No. 19) (the "Amended Complaint") of Plaintiff Carlo M. Croce ("Plaintiff" or "Croce").

A Memorandum in Support is attached.

Respectfully submitted,

/s/ Zachary C. Schaengold
Jarrod M. Mohler (0072519)
Zachary C. Schaengold (0090953)
Robbins, Kelly, Patterson & Tucker, LPA
312 Elm Street, Suite 2200
Cincinnati, Ohio 45202
T: (513) 721-3330 | F: (513) 721-5001
jmohler@rkpt.com
zschaengold@rkpt.com

*Attorneys for Defendants*

Paul Cossu (pro hac vice)
Rachel M. Kaplowitz (pro hac vice)
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
(212) 421-4100
pcossu@pryorcashman.com
rkaplowitz@pryorcashman.com

*Attorneys for Defendant*

{05168128-1 }                    1

## **Memorandum in Support**

### I. INTRODUCTION AND BACKGROUND

Plaintiff Carlo Croce is a highly-paid scientific researcher at the Ohio State University. Unfortunately, over the last several years, over thirty of the papers that came out of his laboratory have had significant issues, including concerns regarding data falsification and plagiarism.[1] Croce's response to these revelations was to sue. He sued the *New York Times*, the scientist who discovered the research publication improprieties, and an Indiana newspaper.[2] He lost. He also didn't pay his former lawyers, who subsequently obtained a judgment of almost $1 million against him in Ohio Common Pleas court (the "Judgment").[3]

Prior to the Judgment, Croce sought a loan from Sotheby's Financial Services ("SFS"), collateralized by some of his artwork. However, SFS and Croce never entered into a lending agreement. SFS (a) was not able to determine that certain of the proffered artwork was what Croce said it was, and (b) had a different opinion than Croce as to the value of certain artworks. Accordingly, SFS was not willing to lend the amount that Croce was seeking. At some time thereafter, Croce's former law firm began the collections process on the Judgment, including by subpoenaing Defendants for the information they had about Croce's art collection. After providing Croce with notice and an opportunity to object, *see* Exhibit A, Defendants responded to the lawful subpoena.

When Croce's former law firm sought Sotheby's assistance in selling property owned by Croce that had been seized by the local Sheriff's Office, Croce responded by

---

[1] https://www.nature.com/articles/d41586-022-02002-5
[2] https://www.opn.ca6.uscourts.gov/opinions.pdf/21a0067n-06.pdf
[3] Final Judgment, Kegler Brown Hill & Ritter Co. LPA v. Croce, Franklin Cty. C.P. No. 23 EX 125 (Dec. 8, 2022)

{05168128-1}                                                2

filing this suit. (ECF No. 1). After Defendants and a third entity filed a motion to dismiss (ECF No. 6), Croce filed an Amended Complaint, adding a trademark violation claim. (ECF No. 19). Defendants filed a motion to dismiss the Amended Complaint. (ECF No. 24). The motion is not yet fully briefed. If granted, the motion to dismiss would dispose of the Amended Complaint in its entirety.

In subsequent communications, counsel for Croce indicated that the necessary initial discovery would relate to the question of the legitimacy of Defendants' valuations of Croce's art. Defendants' counsel raised concerns about delving into expert discovery, which is well beyond a narrowed focus, at this point in the case.

The parties filed a joint Rule 26(F) report (ECF No. 28), which included the parties' differing views on whether this case should be stayed pending resolution of the motion to dismiss. The parties conducted a preliminary pretrial conference with United States Magistrate Chesley M. Vascura on April 16, 2024. (ECF No. 29). Judge Vascura temporarily stayed discovery pending the disposition of the instant motion. *Id.*, Page ID # 371.

## II. STANDARD OF REVIEW

This Court has the discretion to stay discovery. *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (holding district court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined); *Victor v. Huber*, No. 12-cv-282, 2012 WL 2564841, *2 (M.D. Pa. July 2, 2012) (stating it is a "cardinal principle" that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion); Fed. R. Civ. P. 26(c).

In determining whether to stay discovery, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought,

against the hardship which would be worked by a denial of discovery. *Miller v. Countrywide Home Loans*, No. 2:09-cv-674, 2010 WL 2246310 at *2 (S.D. Ohio June 4, 2010). The Court may also consider any "societal interests" which are implicated by either proceeding with or postponing discovery. *Id.* (internal citation omitted). Where a stay of discovery, and not a prohibition on discovery, is sought, the burden on the party seeking the stay is less than if it were requesting a total freedom from discovery. *Id.*

A stay is also appropriate in special circumstances, such as when it "appears that the complaint will almost certainly be dismissed." *Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 U.S. Dist. LEXIS 66372, at *1 (S.D. Ohio July 10, 2009). Alternatively, a court has the discretion and authority to order discovery to be limited. *See, e.g., Ryan v. Flagstar Bank FSB,* 2:23-cv-484, 2023 U.S. Dist. LEXIS 68146, at *4-5 (S.D. Ohio Apr. 18, 2023).

### III. LAW AND ARGUMENT

The first factor to be determined is whether staying discovery will prejudice or harm the parties. In this case, it will not. Plaintiff's counsel indicates he is primarily interested in expert discovery, which suggests that Plaintiff's interest in basic fact discovery is not a priority. Defendants will not be harmed because the Amended Complaint is likely to be dismissed, after which they will not need discovery.

Second, there is no urgency or need for emergent relief. Plaintiff does not have standing to bring the bulk of his claims; absent an injury, there is little need for redress (particularly since Plaintiff has appealed the Franklin County Judgment and also sought to stay its enforcement). In addition, Plaintiff has not actively pushed for this case to proceed. The action was filed six months ago, and Plaintiff has sought an extension for every deadline thus far. The allegations in the Amended Complaint do not show that

Plaintiff has actually suffered real harm from Defendants, or that any such harm is ongoing.

*Twombly, Iqbal*, and their progeny support a stay of discovery. Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff is not entitled to discovery even if necessary to construct a legally sufficient pleading under Rule 8. *See, New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F. 3d 1046, 1051 (6th Cir. 2011). Otherwise, if discovery is allowed to proceed prior to considering the legal sufficiency of a complaint, discovery expense could push cost-conscious defendants to settle even anemic cases before reaching those proceedings. *NicSand, Inc. v. 3M Co.*, 507 F.3d 442, 450 (6th Cir. 2007) (*en banc*), quoting *Twombly*, 550 U.S. at 559; *see also Gettings v. Bldg. Laborers Local 310Fringe Benefits Fund,* 349 F.3d 300,304 (6th Cir. 2003) (recognizing that some limitations are appropriate when the claims may be dismissed "based on legal determinations that could not have been altered by any further discovery").

As detailed in Defendants' motion to dismiss, Plaintiff's Amended Complaint continues to lack standing and to assert damages that are speculative in nature. Plaintiff's opposition to the motion to dismiss continues to entirely ignore that Defendants were served with a lawful subpoena for which they gave notice to Plaintiff before responding (and which Plaintiff ignored), and the remainder of the Amended Complaint seeks to impose liability on Defendants for choosing not to give a loan to Plaintiff, which Defendants had no legal obligation to do and to which Plaintiff has failed to cite any case law to the contrary.

Staying discovery while the Court determines the sufficiency of the Amended Complaint avoids the potential for parties to be exposed to expensive discovery before a

merited claim is shown to exist. The reasoning for a stay of discovery under these circumstances is clear – a motion to dismiss tests the legal sufficiency of a claim, and therefore may be decided on its face without extensive factual development. *See, Neitzke v. Williams*, 490 U.S. 319 (1989) (the purpose of Rule 12 is to streamline litigation by dispensing with needless discovery and fact finding); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (motion to dismiss for failure to state a claim upon which relief may be granted should be resolved before discovery begins); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (the idea that discovery should be permitted before deciding a motion to dismiss is "unsupported and defies common sense" because the purpose of Rule 12 is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery).

### IV. CONCLUSION

Croce has suffered no ascertainable harm to date, and has alleged no viable causes of action against Defendants. A brief stay of discovery would not harm or prejudice Croce. Accordingly, a stay pending the Court's determination of the Motion to Dismiss is appropriate. In the alternative, Defendants seek an order from the Court substantially narrowing the scope of discovery at this time.

Respectfully submitted,

/s/ Zachary C. Schaengold
Jarrod M. Mohler (0072519)
Zachary C. Schaengold (0090953)
Robbins, Kelly, Patterson & Tucker, LPA
312 Elm Street, Suite 2200
Cincinnati, Ohio 45202
T: (513) 721-3330 | F: (513) 721-5001
jmohler@rkpt.com
zschaengold@rkpt.com

{05168128-1}   6

PRYOR CASHMAN LLP
Paul Cossu (pro hac vice)
Rachel M. Kaplowitz (pro hac vice)
7 Times Square
New York, New York 10036
(212) 421-4100
pcossu@pryorcashman.com
rkaplowitz@pryorcashman.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been electronically filed this 30th day of April, 2024. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system.

*/s/ Zachary C. Schaengold*
Zachary C. Schaengold
