UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CARLO M. CROCE,**

    **Plaintiff,**

  v.                                            **Civil Action 2:23-cv-2896**
                                                        **Judge Sarah D. Morrison**
**SOTHEBY'S FINANCIAL**                 **Magistrate Judge Chelsey M. Vascura**
**SERVICES INC.,** *et al.*,

    **Defendants.**

**OPINION AND ORDER**

    Plaintiff, Carlo M. Croce, brings this action against Defendants Sotheby's, Inc., and Sotheby's Financial Services, Inc., to recover damages for product disparagement, negligent appraisal, negligent misrepresentation, promissory estoppel, fraud, and false advertising under the Lanham Act. This matter is before the Court on Defendants' Motion to Stay, or in the alternative, for an Order Narrowing Discovery (ECF No. 33). For the reasons below, Defendants' Motion is **DENIED**.

                                                  **I.**     **BACKGROUND**

    On March 14, 2024, Defendants moved to dismiss Plaintiff's Amended Complaint, arguing that dismissal was warranted both under Federal Rule of Civil Procedure 12(b)(1) for failure to establish standing and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 24.) On April 16, 2024, the Court held a Preliminary Pretrial Conference, during which Defendants raised their intention to move to stay or narrow discovery during the pendency of the Motion to Dismiss. The undersigned stayed discovery during the

pendency of any such motion to stay or narrow discovery. (ECF No. 29.) On April 30, 2024, Defendants filed the present motion to stay or narrow discovery pending the Court's resolution of Defendants' Motion to Dismiss, arguing that a stay would not prejudice Plaintiff and that the merits of the Motion to Dismiss warrant limiting discovery to prevent the unnecessary expenditure of time and resources. (*Id.*; *see also* Defs.' Reply, ECF No. 40.)

## II. STANDARDS GOVERNING STAYS OF DISCOVERY

"A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court." *Peters v. Credit Prot. Ass'n LP*, No. 2:13-CV-767, 2014 WL 6687146, at *3 (S.D. Ohio Nov. 26, 2014). The Federal Rules of Civil Procedure "permit[ ] a district court to issue a protective order staying discovery during the pendency of a motion for 'good cause shown.'" *Bowens v. Columbus Metro. Libr. Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (quoting Fed. R. Civ. P. 26(c)). As the United States Court of Appeals for the Sixth Circuit has often recognized, "[d]istrict courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). In addition, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

In assessing whether a stay is appropriate, "a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens*, 2010 WL 3719245, at *1. "When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he

were requesting a total freedom from discovery." *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citing *Marrese v. Am. Acad. of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)).

### III. ANALYSIS

Defendants have not demonstrated that a stay of discovery is appropriate. In exercising its discretion on this issue, the Court has frequently found that "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens*, 2010 WL 3719245, at *2 (internal citation omitted) (denying the defendants' motion to stay discovery despite their pending summary judgment motion); *see also Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *1–2 (S.D Ohio Sept. 7, 2010) (denying motion to stay discovery pending a ruling on a potentially dispositive motion). The Court has noted various reasons for this general approach:

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation . . . . Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions. Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, *cf. Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

*Williams*, 2010 WL 3522397, at *2 (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). Accordingly, a stay will not "ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion" unless that motion "raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks

3

merit and will almost certainly be dismissed." *Williams*, 2010 WL 3522397, at *2; *see also Ohio Bell Tel. Co. v. Glob. NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008); *Young v. Mesa Underwiters Specialty Ins. Co.*, No. 2:19-CV-3820, 2020 WL 7407735, at *2–3 (S.D. Ohio Oct. 19, 2020) ("Absent a request to dismiss on the grounds of immunity or lack of jurisdiction, it is the rare case where the Court will stay discovery based on a pending dispositive motion.").

Although Defendants' Motion to Dismiss implicates subject-matter jurisdiction as well as failure to state a claim, this Court has often denied stays of discovery in the face of motions to dismiss for lack of subject-matter jurisdiction. *See*, *e.g.*, *Ohio Bell*, 2008 WL 641252, at *2; *Boddie v. PNC Bank, NA*, No. 2:12-CV-158, 2013 WL 394523, at *2 (S.D. Ohio Jan. 31, 2013); *Seattle House, LLC v. City of Delaware, Ohio*, No. 2:20-CV-03284, 2020 WL 7253309, at *3 (S.D. Ohio Dec. 10, 2020); *Hopper v. Credit Assocs., LLC*, No. 2:20-CV-522, 2021 WL 2800707, at *2 (S.D. Ohio July 6, 2021); *Ames v. LaRose*, No. 2:22-CV-2085, 2022 WL 11615872, at *3 (S.D. Ohio Oct. 20, 2022). In such cases, the Court typically determines whether the jurisdictional issue is "clear-cut" and likely to result in dismissal (which favors a stay), or "fairly debatable" (which weighs against a stay). *See Ohio Bell*, 2008 WL 641252, at *2; *Seattle House, LLC v. City of Delaware, Ohio*, No. 2:20-CV-03284, 2020 WL 7253309, at *3.

The undersigned takes no position on the outcome of Defendants' Motion to Dismiss; however, the jurisdictional issues are best described as fairly debatable rather than clear-cut. The parties dispute whether Plaintiff's allegations that Defendants declined to offer Plaintiff a loan and disclosed his private art valuations without his consent constitutes an injury sufficient to confer Article III standing. (*See* Defs.' Mot. to Dismiss 6–8, ECF No. 24; Pl.'s Mem. in Opp'n 13–15, ECF No. 30.) Thus, "there is little certainty at the moment concerning the issue of subject

4

matter jurisdiction, and this uncertainty counsels against granting a stay of discovery." *Ohio Bell*, 2008 WL 641252, at *2.

Defendants have also made no showing that responding to Plaintiff's discovery requests will be unduly burdensome. Although responding to discovery will entail some expenditure of time and resources, this is "the same burden that nearly every defendant in this Court faces in civil litigation." *Young*, 2020 WL 7407735, at *3. And Defendants' assertion that responding to discovery will be "unduly expensive" are unsupported and amount to no more than speculation. "Alleged costs associated with discovery, without details of a specific burden, are unlikely to justify a stay of discovery." *Malibu Media, LLC v. Doe*, No. 2:14-CV-1132, 2015 WL 2128156, at *1 (S.D. Ohio May 6, 2015); s*ee also, e.g.*, *City of Lancaster v. Flagstar Bank, FSB,* No. 10–cv–1041, 2011 WL 1326280, at *5 (S.D. Ohio Apr. 5, 2011) (denying the motion to stay discovery when the party filing the motion "ma[de] no effort to detail the specific burdens it will face from discovery in this case; nor [did] it explain how the prejudice it would face is different from any other party that files a potentially case-dispositive motion").

Finally, Defendants' assertion that a stay of discovery will not prejudice Plaintiff is unavailing. A plaintiff has an interest in the speedy resolution of its case. *See Per Servs., LLC v. Van Sickle*, No. 2:20-CV-05539, 2021 WL 1030224, at *2 (S.D. Ohio Feb. 22, 2021). Put another way, a plaintiff has "a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council*, 565 F.2d at 396. Consistently, Federal Rule of Civil Procedure 1 states that the rules should be "employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Application of these principles here weighs against granting a stay of discovery.

5

## IV. DISPOSITION

For all of these reasons, Defendants' Defendants' Motion to Stay, or in the alternative, for an Order Narrowing Discovery (ECF No. 33) is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE