IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CARLO M. CROCE<br><br>    Plaintiff,<br><br>vs.<br><br>SOTHEBY'S FINANCIAL SERVICES, INC., *et al.*<br><br>    Defendants. | Case No. 2:23-cv-02896<br><br>Judge Morrison<br><br>Magistrate Judge Vascura<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

**I.    INTRODUCTION**

Now come Defendants Sotheby's Inc. ("Sotheby's") and Sotheby's Financial Services Inc. ("SFS") (collectively, "Defendants"), by and through the undersigned counsel, and hereby oppose Plaintiff Carlo M. Croce's Motion for Leave to File a Second Amended Complaint ("Motion"). (ECF 43).

As detailed below, Croce knew or should have known of the facts that he alleges must be amended into his lawsuit by May 2024, the month before the Court's deadline to amend. However, Croce did not seek to amend until November 22, 2024. This pattern is consistent with Croce's general failure to prosecute this case and disregard for the Court's case management deadlines. Croce provides no explanation for why he did not (1) raise these issues in the Common Pleas action selling the art, or (2) raise these issues in this case ***six months ago***, when he had notice of but did not actively oppose the sale. In either case, his actions are too little, too late.

Croce cannot show good cause as to why this Court's case management order should be modified or why the Court should allow him to amend. The Motion should be denied.

## II. BACKGROUND

This action was filed on September 8, 2023. (ECF 1). Defendants (and one other Defendant that has since been dismissed) moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6). (ECF 6). On February 9, 2024—with no opposition from Defendants—Plaintiff Carlo M. Croce filed his first amended complaint alleging seven causes of action:

1. Product Disparagement
2. Negligent Appraisal and Ethics Violations
3. Negligent Misrepresentation
4. Promissory Estoppel
5. Fraud and Intentional Misrepresentation
6. False Advertising under the Lanham Act
7. Misrepresentation of Art Collection Valuation

(ECF 19). Defendants then filed another Motion to Dismiss, this time (based on the new allegations) under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (ECF 24). While the second Motion to Dismiss was being briefed, the parties met, conferred, and then attended a preliminary pretrial conference with Magistrate Judge Vascura. (ECF 29). In conformity with the submission by the parties, Judge Vascura ordered the parties to amend the pleadings or join parties "no later than **June 14, 2024**." *Id.*, PAGEID #: 370 (emphasis in original). Judge Vascura also ordered the parties to complete fact discovery by January 31, 2025. *Id.*, PAGEID #: 372. Based on Defendants statement that they intended to file a Motion to Stay the case (and discovery) pending the Court's decision on the Motion to Dismiss, Judge Vascura temporarily stayed discovery so the parties could brief the Motion to Stay. *Id.*, PAGEID #: 371.

Briefing on the Motion to Dismiss was completed by June 3, 2024. (ECF 30, 39). The parties also briefed Defendants Motion to Stay. (ECF 33, 38, 40). Plaintiff vociferously opposed the Motion to Stay, arguing that immediate discovery was

necessary. (ECF 38, PAGEID #: 501-03). The Court denied Defendants' Motion to Stay on June 21, 2024. (ECF 41).

Despite his resistance to the discovery stay, between June 21, 2024 and November 22, 2024—over five months—Croce issued no party discovery, set no depositions, and served no third-party subpoenas. Only when Defendants, recognizing that fact discovery was coming to a close, issued written discovery to Croce on November 22, 2024, did Croce serve discovery in response.

On November 22, 2024, Croce also sought leave to file a second amended complaint for two purposes: to "clarify and add certain facts in support of claims" and to plead "additional facts in support of" his "fraudulent and Lanham Act false advertising claims." (ECF 43, PAGEID #: 548). According to Croce, "good cause exists for the amendment" because he "has exhibited diligence in moving for leave to amend shortly after the dismissal motion was filed." *Id.*, PAGEID #: 550. Objectively speaking, this is entirely inaccurate. Croce also argues that Defendants are not prejudiced because "the matter is still in its earliest stage, the amendment will clarify and a [*sic*] new facts in support of Plaintiff's claims." *Id.* Again, Croce's description of the current procedural posture of this case is objectively inaccurate.

When Croce was questioned upon requesting for consent to amend, he responded with a cryptic explanation indicating that the amount Sotheby's expected a sell a painting for was far too low. Defendants' counsel responded with an inquiry into whether Croce had an expert evaluation. Croce did not respond and filed the instant Motion. As has been the case in every version of the Complaint, it appears that Croce is simply relying on his own, self-serving opinion as to the value of his artworks.

{05418854-1}                                                      3

The Motion suggests that amendment is needed because Croce uncovered new information: that Sotheby's had set an estimated value of £60,000 to £80,000 on one painting owned by Croce: Guercino's "An old man wearing a turban and a fur-lined coat, here identified as Annas" (henceforth, "Man with Turban"). (Doc. 43-3, PAGIEID #: 596). This, according to Croce, was only "recently published" on Sotheby's website, and is the basis upon which Croce wishes to amend his complaint. (Doc. 43, PAGEID #: 550).

However, Croce fails to acknowledge in the Motion that he has known about the estimated value since at least May 2024, when the Receiver appointed in the execution case in Franklin County served Croce or his counsel with a Motion to sell the particular piece, or that soon after that he negotiated with the Receiver to sell this and other artworks he owns. *See,* Affidavit of Zachary C. Schaengold, Exhibit A (May 23, 2024 Motion of Receiver to employ Sotheby's and sell certain art, including Man with Turban); Exhibit B (May 28, 2024 Order granting May 23, 2024 Motion); Exhibit C (June 7, 2024 First Report of Receiver discussing status and plan to sell certain works of art pursuant to negotiations with Croce, including Man with Turban).[1]

### III. STANDARD OF REVIEW

District Courts are required to enter scheduling orders that limit the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). If a party misses a scheduling order deadline and seeks modification of the deadline, it must demonstrate good cause. Fed. R. Civ. P. 16(b)(4). The best

---

[1] Attached to Exhibit C is a 2023 valuation with an estimate of Man with Turban in the $300,000-$500,000 range, with the clear caveat that further research was needed. (ECF 43-3, PAGEID # 598). Sotheby's was able to obtain a first-hand inspection of Man with Turban in July 2024. The final sale of Man with Turban on December 4, 2024 was for £80,000 plus a buyer's premium, for a total of £96,000. Affidavit of Zachary C. Schaengold, ¶ 7.

demonstration of "good cause" is "the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). A court should only modify a schedule on a showing of good cause if the schedule could not "reasonably be met despite the diligence of the party seeking the extension." *Leary v. Daseschner*, 349 F. 3d 888, 906 (6th Cir. 2003) (quotation omitted). The Court may also consider prejudice to the opposing party when examining the moving party's good cause arguments.

If the moving party shows the required diligence, then the court looks to Rule 15 for the standard for amending pleadings. Fed. R. Civ. P. 15 allows a party to amend its complaint with the "opposing party's written consent or the court's leave." Although courts are encouraged to "freely give leave when justice so requires," this does not mean that a plaintiff has "unbridled authority to amend the complaint." *Springs v. U.S. Dept. of Treasure*, 567 F. App'x 438, 443 (6th Cir. 2014). A motion for leave to amend should be denied if the amendment "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 295 (6th Cir. 2010) (citations omitted).

### IV.   LAW AND ARGUMENT

#### A.  *Croce has not shown good cause to modify the scheduling order.*

Other than citing the Rule 16 standard and stating that the action is in its earliest state because no discovery has been served, Croce makes no showing of diligence at all. Rules 16 is "more stringent" than Rule 15, and requires Croce to demonstrate that he acted diligently in attempting to comply with the deadline to amend the pleadings. *Student Res. Ctr., LLC v. Eastern Gateway Cmty. Coll.*, S.D. Ohio No. 2:22-cv-2653, 2023 U.S. Dist. LEXIS 129785, at *6 (July 26, 2023). After strongly opposing Defendants' Motion to Stay,

Croce has done nothing in this case diligently. He did not issue written discovery until late November 2024, only after Defendants issued written discovery. He did not serve Initial Disclosures until early November 15 (almost six months after the deadline). He has not served any third-party subpoenas. He has not noticed any depositions. He did not even timely serve his settlement demand pursuant to the mediation schedule outline by the Court.

Croce appears to attempt to avoid his total lack of diligence in this case by suggesting that he only recently discovered that the valuation of an old master painting has gone down in two years. (Doc 43, PAGEID #: 550). The record in the Franklin County case refutes this argument. Not only has Croce known for over six months that Sotheby's was engaged to auction Man in Turban, he negotiated parts of the sale and he knew the approximate valuation or estimated sale price. *See,* Schaengold Aff., Exhibits A-C. And Croce does nothing to explain why this information is "newly discovered."

Croce's final statement on the "necessity" of the amendment belies the need for an amendment; the true purpose is only to bolster his claims. *Id*. But the Court is already reviewing Croce's First Amended Complaint from a Rule 12(b)(6) perspective—accepting the factual allegations as true and construing all inferences in favor of Croce. There is simply no need to add additional facts that do not fundamentally change the nature of Croce's Amended Complaint.

Returning to Croce's obligation of diligence; it is beyond doubt that he has not been diligent in this case under a Rule 16 standard, and so the Motion should be denied. *MSP Recovery Claims, Series LLC v. Nationwide Mut. Ins. Co.*, S.D. Ohio No. 2:21-cv-1901, 2023 U.S. Dist. LEXIS 184478, at *7-9 (Oct. 13, 2023) (denying motion for leave to amend where plaintiff was not diligent in meeting case management schedule, did not serve

discovery until after the amendment deadline, and never moved to extend the amendment deadline).

Even more important, Croce has known about this estimated value since at least May 2024, almost a month before the amendment deadline. Croce's failure to raise it for over half a year shows an unrepentant lack of diligence. "A plaintiff cannot sit on newly discovered evidence and wait months to seek leave to amend." *Id.* at *8-9 (holding that waiting two to seven months before moving to amend is too long, and citing cases for the same proposition, including denying motions for leave to amend filed four months after discovery of the "new" evidence.").

In the end, Croce provides no legitimate basis to amend his pleadings (again) and demonstrates no diligence. His argument that discovery has just begun ignores that the discovery cutoff date is January 31, 2025 (less than two months from now), that he did not issue written discovery until only a few weeks ago, that he did not serve his initial disclosures until early November 2024, and that he sat on the "new" evidence for over six months before filing his Motion for Leave to Amend. It may have just begun (thanks to his dilatory actions), but discovery and this case are hardly in the "early stages." (Doc. 43, PAGEID #: 551).

Croce has not met his burden of showing good cause as to why the Court should modify its previously entered scheduling order. His Motion for Leave to Amend should be denied on this ground alone.

### B. *The factors in Rule 15 weigh against allowing amendment.*

In addition to Croce's lack of diligence, the factors to be considered in analyzing a Motion for Leave to Amend under Rule 15 weigh against granting the Motion. There are

four reasons courts decline to allow a party to amend a complaint under Rule 15; Croce hits three of them square on the head.

First, amending now would result in undue delay and prejudice to Defendants. After Defendants filed their initial Motion to Dismiss, Croce amended his Complaint. Defendants filed a second Motion to Dismiss, which is now pending. Briefing on that Motion was complete six months ago; allowing Croce to amend his First Amended Complaint in order to add an allegation for the sole purpose of *bolstering* two of his existing claims would create additional delay of a year or more after a third Motion to Dismiss is fully briefed. Notably absent from Croce's Motion is any explanation as to why he did not timely serve initial disclosures, why he did not timely serve a settlement demand under the case management schedule, or why he waited until only two months before the close of discovery to even start discovery (after opposing Defendants' Motion to Stay). This late attempt to amend his already-amended Complaint should be denied. *See, Morse v. McWhorter*, 290 F. 3d 795, 800 (6th Cir. 2002) ("At some point, however, delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party") (internal citation and quotations omitted).

Moreover, the fact that Croce seeks only to add in facts to support his claims, not fundamentally alter or add to his claims, means that the addition would be futile. As detailed in Defendants' Motion to Dismiss (ECF 24), all of Croce's claims must be dismissed, even when reviewed under a Rule 12(b)(1) or 12(b)(6) standard. Adding in additional facts that do not change the arguments is futile: either the First Amended Complaint will withstand the Motion to Dismiss based on the allegations therein, or it will not. The additional allegations do not change the analysis. As the Sixth Circuit has agreed,

"justice [does not] require" the amendments. *Corning v. Nat'l Fire Union Ins. Co.* 257 F.3d 484, 496-97 (6th Cir. 2001) (affirming denial of motion for leave to file amended pleadings when amendments added little, moving party failed to act with due diligence, and nonmoving party "was prejudiced by having these [allegations] suddenly appear when it was preparing to litigate the remaining issues…").

Finally, there can be no doubt that this action is dilatory. If Croce wished to include these claims and objections to the Sotheby's sale of Man with Turban, he needed to do so in May or June of this year, not late November. Croce was served with the Receiver's Motion in Franklin County's Court of Common Pleas to sell Man with Turban through Sotheby's in May 2024, and does not appear to have objected on the record to the sale or the estimates. Croce had ample opportunity to object to the sale of Man with Turban at the Court of Common Pleas if he believed it would damage him (where it was clear the artwork would be offered well below what Croce "valued" it at) but chose not to. The instant Motion is nothing more than a late-filed strategic attempt to now raise this issue in front of a different court, and to punish Sotheby's for **complying with a valid court order**.

Moreover, the timing of the Motion for Leave juxtaposed against the end of fact discovery and Croce's wholesale failure to meaningfully prosecute his case strongly suggests that the primary purpose of this Motion and Amendment is to reset the clock and add delay. Simply put, the Motion should be denied due to Croce's dilatory approach to this case. *See, e.g., Thornhill Inc. v. NVR, Inc.*, 422 F.Supp.2d 646, 653 (N.D.W.Va 2006) ("Where counsel for a party has been aware of a possible claim for a long period of time, but nevertheless refrains from moving to amend until the 'last minute,' a district court does not abuse its discretion by denying that party's motion to amend."); *Avatar*

*Explorations v. Chevron U.S.A.*, 933 F.2d 314, 320-21 (5th Cir. 1991) (denying motion for leave to amend because party moved to amend past the amendment deadline and because amending would provide no benefit to the moving party).

Croce's requested amendment would only add undue delay, would prejudice Defendants, and would be futile. The Motion appears to be interposed solely for delay. The Motion for Leave should be denied.

## V. CONCLUSION

For the reasons herein, Defendants respectfully request this Court deny Plaintiff's Motion for Leave to File a Second Amended Complaint.

Respectfully submitted,

/s/ Zachary C. Schaengold
Jarrod M. Mohler (0072519)
Zachary C. Schaengold (0090953)
Robbins, Kelly, Patterson & Tucker, LPA
312 Elm Street, Suite 2200
Cincinnati, Ohio 45202
T: (513) 721-3330 | F: (513) 721-5001
jmohler@rkpt.com
zschaengold@rkpt.com

PRYOR CASHMAN LLP
Paul Cossu (pro hac vice)
Rachel M. Kaplowitz (pro hac vice)
7 Times Square
New York, New York 10036
(212) 421-4100
pcossu@pryorcashman.com
rkaplowitz@pryorcashman.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been electronically filed this 13th day of December, 2024. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system.

*/s/ Zachary C. Schaengold*
Zachary C. Schaengold
