IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CARLO M. CROCE<br><br>    Plaintiff,<br><br>vs.<br><br>SOTHEBY'S FINANCIAL SERVICES, INC., *et al.*<br><br>    Defendants. | Case No. 2:23-cv-02896<br><br>Judge Sarah D. Morrison<br>Magistrate Judge Chelsey M. Vascura<br><br>**Defendants' Reply in Support of Their Motion for Leave to File a Surreply to Plaintiff's Motion for Leave to File Second Amended Complaint** |

    Defendants Sotheby's Inc. ("Sotheby's") and Sotheby's Financial Services Inc. ("SFS") (collectively, "Defendants") filed a Motion for Leave to file a Surreply (ECF 49) ("Motion") in response to Plaintiff Carlo M. Croce's ("Croce") Reply in support of his Motion for Leave to file a Second Amended Complaint (ECF 47) ("Reply"). As noted in the Motion, Croce's Reply raised several new arguments and misstated important facts. Croce's opposition to the Motion (ECF 52) ("Opposition") does not meaningfully challenge or dispute the arguments raised in the Motion. Accordingly, Defendants submit that the Motion (ECF 49) should be granted.

    The first reason Defendants sought leave to file a Surreply was to be able to respond to arguments raised for the first time in Croce's Reply. Croce's Opposition does not demonstrate that those arguments were not raised for the first time in the Reply. Defendants' Motion is merited.

    In the Motion, Defendants argued that Croce raised the argument that the sale of the Guercino fragment had depressed the entire Guercino market for the first time in his Reply. Croce does not challenge this, but rather simply adds more content to his original

argument. Similarly, in their Motion and the proposed Surreply, Defendants argue that the Reply makes entirely new arguments for liability; Croce's Opposition does not meaningfully contest this. Finally, Defendants demonstrated that Croce's Reply actually admits that it was filed for the purpose of trying to insert facts into the pleadings for the purpose of staving of Defendant's pending Motion to Dismiss. Croce's Opposition to this argument is half-reply, half-admission. He argues that he is only "clarifying" and adding facts related to the December 4, 2024 sale. This is exactly the issue: Croce is attempting to add facts into the pleadings to support his claim, not bring a new claim. In summary, Croce does not show that these arguments were not raised for the first time in his Reply. Instead, he tries to argue around this fact and create excuses. This is insufficient.

Defendants' second reason for seeking leave to file a Surreply was to correct a collection of misstated facts related to Croce's knowledge, decision-making, and assistance in the sale of his artwork, including the Guercino fragment. Here, Croce's arguments veer into attempts to play with semantics, but like the rest of his arguments, is unavailing.

Croce seems to suggest that because he did not like the process by which a receiver satisfied his debts, the process was not "consensual." But this is not the issue. The dispute raised in Croce's Reply and Defendants' Surreply is over the process by which the Guercino fragment was chosen and then auctioned. Croce withdrew his objections to the receiver and helped the movers load the Guercino fragment into the van for shipping. Thus, despite his claims about challenging, objecting, and then being blindsided by the sale price, the actual facts show that the only thing Croce can legitimately be unhappy about is the price that the market was willing to pay.

Of equal weight is the fact that the receiver in that case submitted (in this case) a sworn declaration along with evidence supporting a factual reality in direct conflict with Croce's imagined one. (ECF 49-2). No declaration, affidavit, or any other sort of evidence was produced in Croce's Reply, or in his Opposition.  (ECF 47, 52). Croce's unsworn hearsay injected into briefing creates a risk of prejudice that Defendants should be at least permitted to counter with a sworn declaration and evidence.

In their Motion and Surreply, Defendants demonstrated that Plaintiff Croce raised a collection of new arguments for the first time in his Reply (ECF 47), in addition to making a series of material misstatements about the sale of the Guercino fragment. Croce did not meaningfully or successfully contest these arguments. Defendants' Motion (ECF 49) should be granted and their Surreply (ECF 49-1) allowed to be filed in the record.

Respectfully submitted,

*/s/ Zachary C. Schaengold*
Jarrod M. Mohler (0072519)
Zachary C. Schaengold (0090953)
Robbins, Kelly, Patterson & Tucker, LPA
312 Elm Street, Suite 2200
Cincinnati, Ohio 45202
T: (513) 721-3330 | F: (513) 721-5001
jmohler@rkpt.com
zschaengold@rkpt.com

PRYOR CASHMAN LLP
Paul Cossu (pro hac vice)
Rachel M. Kaplowitz (pro hac vice)
7 Times Square
New York, New York 10036
(212) 421-4100
pcossu@pryorcashman.com
rkaplowitz@pryorcashman.com

*Attorneys for Defendants*

{05473463-1}            3

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a copy of the foregoing has been electronically filed this 12th day of February, 2025. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system.

*/s/ Zachary C. Schaengold*
Zachary C. Schaengold
